IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:  Jackson Rental Properties, Inc.   CHAPTER 11
   DEBTOR           CASE NO. 17-11898-NPO

## MOTION FOR APPROVAL OF CONTRACT OF SALE AND FOR AUTHORITY TO SELL PROPERTY OF BANKRUPTCY ESTATE FREE AND CLEAR OF LIENS

COMES NOW Jackson Rental Properties, Inc., Debtor-in-Possession, by and through its attorney, Jeffrey A. Levingston, and moves the Court for approval of the contract to sell certain real property of the bankruptcy estate and for authority to sell said property free and clear of liens pursuant to 11 USC §363 of the *Bankruptcy Code*, and would show unto the Court as follows, to-wit:

1. Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code [DKT#1] on May 24, 2017, said case being assigned No. 17-11898 on the docket of this Court.

2. Debtor listed on Schedule A/B and Amended Schedule A/B certain real property described as "Shamrock Apartments, 800 Shamrock Dr., Cleveland, assigning thereto a current market value of $225,000.00. Said property, along with other properties individually owned by Willie J. Jackson, is encumbered by a deed of trust in favor of Guaranty Bank & Trust Company, Cleveland, Mississippi, in the current approximate amount of $525,000.00.

4. A cash offer for the purchase of the property has been made by Blake Ferretti in an amount sufficient to significantly reduce the deed of trust in favor of Guaranty Bank

1

& Trust Company. Said lien shall attach to the sale proceeds, which will be used for the purpose of reducing Debtor's obligations to said Bank. A Contract of Sale dated November 3, 2017, has been executed by the proposed purchaser and by Jeffrey Levingston in his capacity as attorney for Debtor, a copy of which is attached as Exhibit "A" hereto. Debtor moves the Court to approve the Contract of Sale and authorize the sale of the subject property to Blake Ferretti free and clear of liens under the terms of the Contract of Sale. The purchaser has paid earnest money commensurate with the Contract of Sale (Check No. 2169) to Levingston & Levingston Trust Account to be held in trust pending the Court's approval of the contract and the sale. The balance of the purchase price will be paid upon the entry of an order approving the sale and execution and delivery of a Warranty Deed from Debtor.

5. Any and all taxes which may be owing against the subject property for prior years will be paid by or on behalf of the Debtor, and all taxes and assessments owing for the current year of 2017 shall be prorated between the Debtor/Seller and the purchaser as of the date of closing.

6. Considering the current real estate market and the condition of some of the units making up the Shamrock Apartments complex due to fire, the undersigned is of the opinion that the cash offer for said real property is reasonable, is in the best interest of the bankruptcy estate and should be accepted.

WHEREFORE, PREMISES CONSIDERED, the undersigned prays that notice of this motion be issued to all creditors requiring them to file an objection, if any there be, and if no objection is filed, this Court pass on same without a hearing or if objections are filed, then upon hearing of this matter, the Contract of Sale attached as Exhibit "A"

hereto and the sale of the asset of the bankruptcy estate be approved and the Debtor, Jackson Rental Properties, Inc., be authorized, empowered and directed to execute any and all documents necessary to effect transfer of title, free and clear of liens, to the purchaser, and the closing agent be authorized, empowered and directed to accept the sale proceeds and distribute same pursuant to the Contract of Sale and as set forth herein.

THIS the ___12th___ day of December, 2017.

    Respectfully submitted,

    __//s//   Jeffrey A. Levingston__
    Jeffrey A. Levingston, MSB #1219
    Attorney for Debtor-in-Possession
    Levingston & Levingston, PA
    201 South Pearman Avenue
    PO Box 1327
    Cleveland, MS  38732
    662/843-2791
    jleving@bellsouth.net

## CERTIFICATE OF SERVICE

I, the undersigned, Jeffrey A. Levingston, Attorney for Debtor, do hereby certify that I have served the above and foregoing Motion for Approval of Contract of Sale and for Authority to Sell Property of Bankruptcy Estate Free and Clear of Liens by either United States mail, postage prepaid, or by electronic transmission to the following:

Jackson Rental Properties, Inc.
PO Box 90
Boyle, MS  38730

Willie J. Jackson
120 Charlie Ellis Road
Indianola, MS  38751

Guaranty Bank & Trust Company
PO Box 420
Cleveland, MS  38732

Boyd P. Atkinson
Attorney for Guaranty Bank
PO Box 427
Cleveland, MS  38732

Blake Ferretti
Ferretti Property Services
PO Box 1194
Cleveland, MS  38732

This the  12th  day of December, 2017.

/s/  Jeffrey A. Levingston
Jeffrey A. Levingston

## CONTRACT OF SALE

THIS AGREEMENT, made and entered into on this the 3rd day of , 2017, by and between Mr. Jeffery Livingston attorney for Jackson Rental Property Inc., hereinafter referred to as Seller, and BLAKE FERRETTI, hereinafter referred to as Buyer, WITNESSETH:

IN CONSIDERATION OF the mutual promises, agreements and understandings of the parties hereto, the parties hereby rescind all other contracts of sale and hereby agree and contract as follows:

I.

Seller hereby agrees to sell and convey upon the terms herein set out to Buyer, and Buyer agrees to purchase from the Seller upon the said terms, that certain real property and the dwellings located at 800 Shamrock, Building A, Building B, Building C and Building D and 819 Shamrock, Building E, in Cleveland, Mississippi, which is lying and situate in the Second Judicial District of Bolivar County, Mississippi.

II.

The purchase price shall be ~~Six Hundred~~ Five Hundred Seventy Five Thousand Dollars ~~($600,000.00)~~ $575,000.00. Buyer and Seller will consummate this Contract of Sale on or before December 31, 2018, provided there are no valid exceptions to the title made by Buyer's attorney which would prevent the Seller from giving the kind of title herein contracted for.

—1—

EXHIBIT "A"

III.

Seller agrees to deliver to Buyer a good and sufficient general Warranty Deed conveying the aforesaid property to Buyer, each deed shall convey a good, valid, unencumbered, and merchantable fee simple title thereto except as herein set out.

IV.

Buyer will pay the sum of $6,000.00 as earnest money once contract is agreed too. The purchase price ($600,000.00) $575,000.00 DBP shall be paid in cash to Seller at closing by Buyer. Seller shall deliver possession of said property to Buyer at closing.

V.

This contract may be assigned by the Buyer.

VI.

Buyer shall be responsible for the expense of a survey, if needed, and shall have the option to choose who will provide the survey. Buyer shall have, at their own expense, the title of said property examined by Buyer's attorney within a reasonable period of time prior to the closing date hereafter set forth. Buyer's attorney shall notify Seller's attorney if there are shown to be defects therein which keep same from being the kind of title which Seller has agreed to convey. Seller shall remove said defects within a reasonable time. In the event any such defects cannot be removed within said time limit, then at the option of Buyer, this contract rescinded. If no such notice is received, it shall be conclusively

presumed that there are no exceptions to the title.

## VII.

The sale and purchase of the subject property is contingent on Buyer acquiring adequate financing with a bank.

## VIII.

Buyer shall be responsible for the cost of the appraisal. The sale and purchase of the subject property is contingent on the appraisal of the property. In the event the subject property appraises for less than the contract sales price, Buyer shall have the option of cancelling this Contract of Sale. Buyer and Seller may renegotiate the sales price of the subject property.

## IX.

This contract is not severable. Seller must be able to convey good marketable fee simple title to all of the real property. In the event that the Buyer cannot purchase all complexes, the Buyer may have the option to rescind this contract.

## X.

If prior to the delivery and the acceptance of the deed to said property, fire or other casualty substantially damages the property being sold, Buyer shall have the alternative of declaring the contract cancelled, or to go forward with the purchase of said property and to take an assignment of any insurance coverage thereon maintained by the Seller to the extent of said damage, not to exceed the

amount of the purchase price herein.

XI.

For the same consideration, Seller agrees to transfer all architectural plans, permits and all inspections to Buyer.

XII.

Taxes and assessments on said property for the year in which the sale is consummated shall be prorated between Seller and Buyer as of the date of closing. All taxes for prior years are to be paid by the Seller prior to the date of closing.

XIII.

The sale and purchase of subject property is contingent of Buyer receiving the 2018 tax credits at 9%. In the event the 2018 tax credits at 9% are not awared to Buyer, this contract shall be receinded.

XIV.

Seller warrants only the title to the real property which it contracts herewith to convey.

XV.

It is understood and agreed that Buyer will be responsible for any and all closing costs and attorney fees incurred by them for the purchase of said property.

XVI.

For the same consideration recited above, Seller agrees to convey to Buyer

the following items, including but not limited to the heating systems, cooling systems, ceiling fans, all light fixtures, water heaters, refrigerators and stoves.

XVII.

Buyer shall be responsible for the cost of obtaining a certificate from a reputable pest inspection agency certifying that the property is free of termites. In the event an inspection reveals active termites or damage by termites, Buyer shall have the option of canceling this Contract of Sale or shall accept responsibility for the cost of remedying the damage. This acceptance must be in the form of a written agreement signed by all parties.

XVIII.

Buyer agrees that it will have the inspector of the City of Cleveland, Mississippi, inspect the property prior to closing, and if the property does not meet city code requirement, Buyer will pay for the cost of repairs necessary to bring the property to code requirement and obtain a Certificate of Occupancy.

WITNESS, the signatures of the undersigned, this the 3rd day of Nov., 2017.

Mr. Jeffery Livingston attorney
for Jackson Rental Property Inc., by

_____
Name

_____
Title

—5—

BLAKE FERRETTI, Buyer

_____
Blake Ferretti, President